## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA,
## ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>FERRO CORPORATION, DAVID A. LORBER, MARRAN H. OGILVIE, ANDREW M. ROSS, ALLEN A. SPIZZO, PETER T. THOMAS, and RONALD P. VARGO,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Christopher Taylor ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE AND SUMMARY OF THE ACTION

1.     Plaintiff brings this action against Ferro Corporation ("Ferro" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a)

and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to PMHC II Inc. ("Prince") through PMHC Fortune Merger Sub, Inc. (the "Proposed Transaction").

2.      On May 11, 2021, Ferro and Prince entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which Ferro stockholders will receive $22.00 in cash for each share of Ferro common stock they own.

3.      On July 23, 2021, Ferro filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC.  The Proxy is materially deficient and misleading because, *inter alia*, it fails to disclose material information regarding: (i) Ferro management's financial projections and the financial analyses performed by the Company's financial advisor, Lazard Frères & Co. LLC ("Lazard"); and (ii) Lazard's potential conflicts of interest.  Without additional information, the Proxy is materially misleading in violation of the federal securities laws.

4.      The stockholder vote to approve the Proposed Transaction is forthcoming.  Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company common

stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.  Defendant Ferro maintains and operates a principal manufacturing plant in this District, rendering venue in this District appropriate.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Ferro.

9.     Defendant Ferro is an Ohio corporation, with its principal executive offices located at 6060 Parkland Boulevard, Suite 250, Mayfield Heights, Ohio 44124 and a manufacturing plant located at 6369 Peachtree St, Peachtree Corners, Georgia 30071.  Ferro's common stock trades on the New York Stock Exchange under the ticker symbol "FOE."

10.     Defendant David A. Lorber is Lead Director and has served as a director of the Company since 2013.

11.     Defendant Marran H. Ogilvie has served as a director of the Company since 2017.

12.     Defendant Andrew M. Ross has served as a director of the Company since 2016.

13.     Defendant Allen A. Spizzo has served as a director of the Company since 2016.

14.     Defendant Peter T. Thomas has served as Chairman of the Board since April 2014 and as the Company's President, Chief Executive Officer ("CEO") and a director since April 2013.

15.     Defendant Ronald P. Vargo has served as a director of the Company since 2009.

16.     Defendants identified in paragraphs 10-15 are referred to herein as the "Board" or the "Individual Defendants."

17.     Relevant non-party Prince is a Delaware corporation with principal executive offices located at 15311 Vantage Parkway West, Suite 350, Houston, Texas 77032.   Prince specializes in developing, manufacturing and marketing performance-critical specialty products, many custom developed, for niche applications in the construction, electronics, consumer products, agriculture, automotive, oil & gas, industrial and other end markets.

**SUBSTANTIVE ALLEGATIONS**

**Background of the Company and the Proposed Transaction**

18.     Ferro is a leading producer of specialty materials that are sold to a broad range of manufacturers who, in turn, make products for many end-use markets. Ferro's products fall into two general categories: functional coatings, which perform specific functions in the end products and manufacturing processes of its customers; and color solutions, which provide performance and aesthetic characteristics to its customers' products.   The Company's products include frits, porcelain and other glass enamels, glazes, stains, decorating colors, pigments, inks, polishing materials,

dielectrics, electronic glasses, and other specialty coatings.

19.     On August 4, 2021, the Company announced its second quarter 2021 financial results.   Net sales increased 43.7% to $294.3 million, or 37.3% on a constant currency basis, compared to the same period in 2020.  Gross profit increased 48.8% to $94.8 million, and gross profit margin improved 110 bps to 32.2%, as compared to the second quarter of 2020.  GAAP diluted earnings per share were $0.20, improved from a loss of $0.03 during the same period in the prior year. Income from continuing operations was $17.4 million, compared to a loss of $1.9 million in the year-ago quarter.  Adjusted EBITDA increased 90.1% from the prior year period, reaching $58.7 million in the second quarter of 2021.

20.     On May 11, 2021, Ferro issued a press release announcing the Proposed Transaction, which states, in relevant part:

> CLEVELAND--Ferro Corporation (NYSE: FOE) (the Company), a leading global supplier of technology-based functional coatings and color solutions, today announced it has entered into a definitive agreement to be acquired by Prince International Corporation, a portfolio company of American Securities LLC, in an all-cash transaction valued at approximately $2.1 billion, or 12.4 times TTM Adjusted EBITDA as of March 31, 2021, including the assumption of debt, net of cash. Under the terms of the agreement, which has been unanimously approved by the Ferro Corporation Board of Directors, Prince will acquire all of the outstanding common stock of Ferro for $22.00 per share in cash. The purchase price represents a 25.1% premium to the closing stock price on May 10, 2021 of $17.58 per share and a 33.8% premium to the 90-day volume-weighted average price.

## The Proxy Contains Material Misstatements or Omissions

21.     On July 23, 2021, Ferro filed the materially misleading and incomplete Proxy with the SEC.  Designed to convince Ferro's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: (i) Ferro management's financial projections and the financial analyses performed by the Company's financial advisor, Lazard; and (ii) Lazard's potential conflicts of interest.

### *Material Omissions Concerning Ferro Management's Financial Projections and Lazard's Financial Analyses*

22.     The Proxy omits material information regarding Company management's financial projections.

23.     For example, the Proxy fails to disclose each of the line items underlying the Company's Adjusted EBITDA and unlevered, after-tax free cash flows, including net operating profit after tax, depreciation and amortization, change in net working capital, and cash outlays for pension, restructuring and other expenses not reflected in net operating profit.

24.     The Proxy also omits material information regarding Lazard's financial analyses.

25.     The Proxy describes Lazard's fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of

Lazard's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Ferro's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Lazard's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

26.    With respect to Lazard's *Precedent Transactions Valuation* analysis, the Proxy fails to disclose: (i) the individual multiples and financial metrics for each of the transactions observed by Lazard; and (ii) the Company's estimated net debt position and estimated noncontrolling interest as of March 31, 2021.

27.    With respect to Lazard's *Public Trading Comparables Valuation* analysis, the Proxy fails to disclose: (i) the individual multiples and financial metrics for each of the companies observed by Lazard; and (ii) the Company's estimated net debt position and estimated noncontrolling interest as of March 31, 2021.

28.    With respect to Lazard's *Discounted Cash Flow Analysis*, the Proxy fails to disclose: (i) the unlevered, after-tax free cash flows that Ferro was forecasted to generate in the nine months ended December 31, 2021 and between fiscal years 2022 and 2025; (ii) the normalized estimated 2025 unlevered, after-tax free cash flows (excluding the impact of cost savings from restructuring programs, optimization initiatives, pension, restructuring and other cash charges) utilized to

derive the terminal values for Ferro; (iii) the estimated 2025 unlevered, after-tax free cash flow generated by cost savings from restructuring programs and optimization initiatives less pension, restructuring and other cash charges, utilized to derive the terminal values for Ferro; (iv) the Company's terminal values; (v) the Company's estimated net debt position and estimated noncontrolling interest as of March 31, 2021; (vi) Ferro's share count data as of April 30, 2021; and (vii) the individual inputs and assumptions underlying the discount rates ranging from 9.0% to 10.0%.

29.     With respect to Lazard's *Present Value of Future Share Price* analysis, the Proxy fails to disclose: (i) the Company's projected net debt and noncontrolling interest; (ii) Ferro's estimated forward EBITDA from fiscal year 2021 to fiscal year 2024; and (iii) the individual inputs and assumptions underlying the discount rate of 10.8%.

30.     The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Financial Projections" and "Opinion of Lazard Frères & Co. LLC."

***Material Omissions Concerning Lazard's Potential Conflicts of Interest***

31.     The Proxy also fails to disclose the potential conflicts of interest faced by the Company's financial advisor, Lazard.

32.     For example, the Proxy fails to disclose the compensation Lazard has

received, or expects to receive, in connection with services provided to Ferro and affiliates of Prince during the past two years.

33.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

34.    The omission of this material information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Opinion of Lazard Frères & Co. LLC."

35.    Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

36.    Plaintiff repeats all previous allegations as if set forth in full.

37.    During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-

9 promulgated thereunder.

38.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy. The Proxy was prepared, reviewed, and/or disseminated by the defendants.   It misrepresented and/or omitted material facts, including material information about Ferro management's financial projections, Lazard's financial analyses, and Lazard's potential conflicts of interest.   The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

39.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

40.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

41.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

42.     Plaintiff repeats all previous allegations as if set forth in full.

43.     The Individual Defendants acted as controlling persons of Ferro within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Ferro, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular

transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy.

46.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Ferro's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent

relief, including injunctive relief, in his favor on behalf of Ferro, and against defendants, as follows:

A.   Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction;

B.   In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.   Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.   Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.   Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.   Granting such other and further relief as this Court may deem just and proper.

- 14 -

**JURY DEMAND**

Plaintiff demands a trial by jury.


Dated: August 30, 2021                          **WEISSLAW LLP**

                                                /s/ Michael A. Rogovin
                                                Michael A. Rogovin
                                                Georgia Bar No. 780075
                                                476 Hardendorf Ave. NE
                                                Atlanta, GA 30307
                                                Tel.: (404) 692-7910
                                                Fax: (212) 682-3010
                                                mrogovin@weisslawllp.com

**OF COUNSEL**                                  *Attorneys for Plaintiff*

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (646) 860-9158
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*